# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JARROD REYNOLDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:14-cv-00749-JMS-TAB |
| | ) | |
| BRETT HAYS, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry and Order to Show Cause**

The plaintiff's motion for leave to proceed *in forma pauperis* [dkt. 2] is **granted.** The assessment of even an initial partial filing fee is not feasible at this time.

For the reasons explained in this Entry, however, this action appears to be subject to dismissal.

**Discussion**

Jarrod Reynolds ("Reynolds") proceeds in this action asserting claims against his former attorney pursuant to both 42 U.S.C. § 1983 and Indiana law. Reynolds alleges that he was formerly represented by the defendant in criminal proceedings in which Reynolds was charged, and that the defendant mishandled Reynolds' defense. The court's subject matter jurisdiction over any federal claim exists through 28 U.S.C. § 1331 whereas jurisdiction over claims under Indiana state law exists, if at all, pursuant to 28 U.S.C. § 1367(c).

Reynold's complaint is now subject to the screening requirement of 28 U.S.C. § 1915(e)(2)(B). This statute provides that a court shall dismiss a case at any time if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such

relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir.2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 403 (7th Cir.2010) (emphasis in original).

Applying the foregoing standard to the complaint, and to the federal claim initially, it is evident that the complaint fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). "The color of state law element is a threshold issue; there is no liability under [Section] 1983 for those not acting under color of law." *Groman v. Twp. of Manalapan,* 47 F.3d 628, 638 (3d Cir. 1995). A person acts under color of state law only when exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic,* 313 U.S. 299, 326 (1941). Under authority established for more than a generation, the defendant did not act under color of state law when representing Reynolds in the criminal proceeding, even if paid by public funds. *See Polk County v. Dodson,* 454 U.S. 312, 324 (1981)(public defender does not act under color of state law when performing a

lawyer's traditional functions as counsel to a defendant in a criminal case); *Russell v. Millsap,* 781 F.2d 381, 383 (5th Cir. 1985) (retained counsel does not act under color of state law). Because there was no action "under color of state law" when the defendant represented Reynolds in an Indiana state court, there is no viable claim for relief pursuant to § 1983. In addition, the stray remark asserting that this is a civil action "for unlawful conspiracy with public officials" [dkt. 1 at p. 2] lacks sufficient factual allegations to state a claim to relief that is plausible on its face.

There also is no allegation which would support the exercise of the court's diversity jurisdiction as to any claim under Indiana state law. This is because a district court cannot exercise diversity jurisdiction if the plaintiff shares the same state citizenship as any one of the defendants. *Whalen v. Carter,* 954 F.2d 1087, 1094 (5th Cir. 1992) (citing *Strawbridge v. Curtiss,* 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806)); *see also Hart v. FedEx Ground Package Sys. Inc.,* 457 F.3d 675, 676 (7th Cir. 2006). In this case both Reynolds and his former counsel are citizens of Indiana. Because the federal claim fails to state a claim upon which relief may be granted, the plaintiff may not rely on the court's supplemental jurisdiction to entertain his state-law malpractice claim. See 42 U.S.C. § 1367(c)(3); *Hagans v. Lavine,* 415 U.S. 528, 536-37 (1974); *In re African-Am. Slave Descendants Litig.,* 471 F.3d 754, 757-58 (7th Cir. 2006).

Reynolds shall have **through June 10, 2014,** in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013)

**IT IS SO ORDERED.**

Date: 05/14/2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JARROD REYNOLDS
#204102
INDIANAPOLIS RE-ENTRY EDUCATIONAL FACILITY
401 North Randolph Street
Indianapolis, IN 46201