UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JARROD REYNOLDS,

      Plaintiff,

    vs.                        Case No. 1:14-cv-00749-JMS-TAB

BRETT HAYS,

      Defendant.

**Entry Dismissing Action and Directing Entry of Final Judgment**

The plaintiff filed this civil action against his former criminal defense counsel for violating his constitutional rights. The Entry of May 14, 2014, gave the plaintiff a period of time to show cause why Judgment consistent with that Entry should not issue. The plaintiff responded with a motion to show cause or to file an amended complaint. That motion [dkt. 5] is **denied** because it does not correct the deficiencies noted in the Entry of May 14, 2014, and under these circumstances any amendments to the complaint would be futile.

For example, the plaintiff argues that his claims are authorized under the Sixth, Eighth, and Fourteenth Amendments of the United States Constitution. But those Amendments do not create a private cause of action against private citizens. It is 42 U.S.C. § 1983 that provides a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. As explained, in the Entry of May 14, 2014, however, to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged

deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). "The color of state law element is a threshold issue; there is no liability under [Section] 1983 for those not acting under color of law." *Groman v. Twp. of Manalapan,* 47 F.3d 628, 638 (3d Cir. 1995). The defendant did not act under color of state law when representing Reynolds in the criminal proceeding, even if paid by public funds. *See Polk County v. Dodson,* 454 U.S. 312, 324 (1981); *Russell v. Millsap,* 781 F.2d 381, 383 (5th Cir. 1985). Because there was no action "under color of state law" when the defendant represented Reynolds in an Indiana state court, there is no viable claim for relief pursuant to § 1983.

No valid constitutional claim is alleged in this case. Dismissal of the federal claim pursuant to 28 U.S.C. § 1915(e)(2)(B) is therefore appropriate. In light of this disposition, this Court declines to exercise supplemental jurisdiction over any state law claims. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 06/19/2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JARROD REYNOLDS
#204102
INDIANAPOLIS RE-ENTRY EDUCATIONAL FACILITY
401 North Randolph Street
Indianapolis, IN 46201